UNITED STATES of America, Plaintiff,

v.

Gaetano VASTOLA, et al., Defendants.

Crim. A. No. 86–301 (SSB).

United States District Court,
D. New Jersey.

Feb. 6, 1987.

Bruce Repetto, Asst. U.S. Atty., Newark, N.J., for plaintiff.

Ryan, Pedicini & Donnelly by Rita Donnelly, West Orange, N.J., for Palmer Brocco.

Markowitz & Zindler by Joshua Markowitz, Lawrenceville, N.J., for Nicholas Massaro, Jr.

## OPINION

BROTMAN, District Judge:

### I. Introduction

The defendants, Palmer Brocco and Nicholas John Massaro, Jr., are two of the defendants named in a 117 count indictment filed September 23, 1986, and arraigned September 29, 1986. They were each indicted under several statutes including provisions of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, for which a maximum term of imprisonment of ten years or more is prescribed. Both Brocco and Massaro were arrested by federal authorities on September 23, 1986, in New Jersey. The United States moved to detain both defendants without bail pending trial at their initial appearances. Detention hearings were conducted pursuant to 18 U.S.C. § 3142(f) before the United States Magistrate. The Magistrate denied bail in each case. *United States v. Brocco*, Tr. at 2.5, 2.6 (D.N.J. September 26, 1986); *United States v. Massaro*, Tr. at 26, 27 (D.N.J. September 26, 1986). Each defendant sought review of the detention order before this court pursuant to 18 U.S.C. § 3145(b). In each case the court denied defendant's motion to be released on bail. *United States v. Vastola*, slip op. at 5 (D.N.J. October 14, 1986) (Brocco); *United States v. Vastola*, slip op. at 6 (D.N.J. October 30, 1986) (Massaro).

At the arraignment hearing, the U.S. Attorney and defense counsel made application to the court that the case be deemed a "complex case," pursuant to 18 U.S.C.

§ 3161(h)(8)(B)(ii). At that time the U.S. Attorney estimated it would make some 1000 hours of tape recorded evidence available to defense counsel. The court found the case to be complex, and continued the trial date to March 2, 1987. On December 12, 1986, defendants requested an enlargement of time in order to properly prepare for pretrial motions and the trial itself. At this time the defense counsel indicated to the court without opposition that some 3000–3800 hours of tape recordings had been provided to defendants. Defense counsel also requested logs of the tape recordings to expedite their review of the material. In addition reference was made to other documentary and video evidence that would be provided to defense counsel. Upon consideration of the complexity of the case and the burden on defense counsel to review all potentially relevant evidence, the court ordered the trial date to be continued to September 8, 1987. The court also notes that defense counsel has estimated the trial would last six months. Barring any further delay the defendants could be detained for 1½ years before a determination of their innocence or guilt is made. On January 9, 1987, this court announced that it would reconsider *sua sponte* the Bail Reform Act determinations on Brocco and Massaro in light of the enlargement of time. The court heard argument from counsel on proposals for conditions of release, pursuant to 18 U.S.C. § 3142(c).

Upon consideration of the reasons for delay, the available conditions for release to protect the safety of the community, and most importantly the heightened infringement of defendants' liberty interest resulting from the enlargement of time, this court finds that defendants Brocco and Massaro are to be released on bail pursuant to compliance with conditions established under § 3142(c).

### Discussion

The Third Circuit has recognized "that at some point due process may require a release from pretrial detention...." *United States v. Accetturo*, 783 F.2d 382, 388 (3d

Cir.1986); *see also United States v. Claudio*, 806 F.2d 334 (2d Cir.1986). The factors to consider in finding that such a release is required include among others: "length of detention that has in fact occurred, the complexity of the case, and whether the strategy of one side or the other has needlessly added to the complexity." *Accetturo*, 783 F.2d at 388. The length of detention is critical due to the "crucial liberty interest at stake." *United States v. Suppa*, 799 F.2d 115, 120 (3d Cir.1986) (citation omitted); *see also United States v. Perry*, 788 F.2d 100, 114 (3d Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 218, 93 L.Ed.2d 146 (1986) ("the grave invasion of the most fundamental of all personal liberties that occurs when preventive detention is ordered").

The defendants have already been detained for more than three months. The trial, which defense counsel estimate may last six months, is set to begin on September 8, 1987. Barring further delays, defendants will be forced to remain in jail for 1½ years without determination of their innocence or guilt. The reasons for delay in the trial stem primarily from the volume of tape recordings of wire taps (estimated at 3000–3800 hours) and documentary evidence that defense counsel must review in order to prepare for pretrial motions and the trial itself. In addition an unspecified amount of videotape evidence must be reviewed. This case concerns 21 defendants, indicted on 117 counts under several statutes for illegal activities in both Maryland and New Jersey. It is clear that the lawyers will require an unusual amount of time for preparation. The court also notes that the government has encountered delays in providing the tapes and transcripts to defense counsel. The government first estimated its evidence to contain some 1000 hours of audio tape but at the December 12, 1986, hearing, defense counsel asserted without opposition by the government that there were some 3000–3800 hours of tape recordings. It also appears to the court that the government has not facilitated the review of the tapes by providing an index of the contents of the tapes.

Defendants are presently being detained under 18 U.S.C. § 3142(e) which states that "it shall be presumed that no condition or combination of conditions will reasonably assure ... the safety of the community," for individuals indicted under specified statutes. The indictment of defendants under the Controlled Substances Act for crimes allowing a maximum sentence of 10 years or more gives rise to the statutory presumption. A related subsection of the Bail Reform Act allows for pretrial detention without bail if a judicial officer determines that bail conditions cannot protect community safety from a defendant indicted for a crime of violence. § 3142(e)(1). Under the authority of § 3142(c)(2)(D), the Third Circuit has allowed for the release of a defendant indicted on charges of violent crime under "house arrest" conditions. *United States v. Traitz*, 807 F.2d 322, 325–26 (3d Cir.1986) (Amended Opinion). The *Traitz* court emphasized that "the focus of the Bail Reform Act is on whether conditions or combination of conditions will reasonably assure the safety of the community." *Id.* at 326. Although the release of these defendants cannot be executed free of all risk that they will not attempt to deal illegal drugs and narcotics, the court finds that the defendants can no longer be detained within constitutional limits. *See United States v. Claudio*. The factors of the prospect of continued detention for up to 1½ years combined with some governmental responsibility for the delay in reaching trial, outweigh the risks of safety to the community and the burden on the government in minimizing that risk under conditions of release. The court now turns its attention to determining conditions that will most fully protect the safety of the community.

■ Section 3142(c)(2)(A–N) lists a series of conditions that may be imposed to assure the safety of the community. In light of the fact that these defendants have been detained under the statutory prescription pertaining to the Controlled Substances Act, the release conditions will be designed to assure that defendants have no opportunity to deal in illegal drugs and narcotics.

The court notes that defense counsel represented to the court at oral argument that defendants would comply with any set of release conditions determined by the court. Many of the conditions set down below were discussed by counsel at the January 9, 1987, hearing. The general conditions of release are described below. The precise conditions of release are attached in the form of a separate order for each defendant.

(1) Defendants shall be confined to their homes at all times;

(2) Defendants may only leave their home to consult with their attorneys or to visit a medical doctor; all transportation to and from a visit to counsel or a medical doctor will be approved in advance by the probation officer; all transportation will be direct from the home to the destination; defendants will make arrangements at their own cost for such transportation; defendants' custodians will personally accompany and supervise defendants in all their travel;

(3) Defendants and their families must consent to a search of their homes for contraband and weapons before they are released;

(4) Defendants and their families must consent to random inspection of the home by a probation officer to assure compliance with these conditions; defendants must consent to the use of a pen register to be installed at the government's discretion;

(5) Defendants shall not commit a Federal, State or local crime during the period of release;

(6) Defendants must remain in the custody of a designated family member; the custodians must supervise defendants and report any violation of a release condition to the court;

(7) Defendants will avoid all contact with an alleged participant or victim of any crime alleged in the indictment and with a potential witness who may testify concerning the offense, unless defendants' own counsel is physically present and while in preparation of their defense;

(8) In order to assure compliance with these conditions, defendants, at their own cost, will telephone the probation officer at 12:00 noon each day, Monday through Friday; the probation officer will call defendants at home by telephone at least once a day at an unscheduled time every day of the week including weekends; the probation officer will make at least two unscheduled visits to defendants' homes each week; (if required by the court, defendants will consent to and wear a monitoring device);

(9) Defendants will refrain from possessing a firearm, destructive device, or other dangerous weapon;

(10) Defendants along with their relatives and all owners of record shall execute a bail bond in the amount of $150,000.00 secured by the family home to assure their appearance as required, pursuant to General Rules of the United States District Court for the District of New Jersey, Rule 35;

(11) In the event that any condition of release is violated, defendants will be returned to jail and detained for the remaining period of time prior to the completion of the trial.

In conclusion, defendants Brocco and Massaro will be released on bail pursuant to their compliance with the conditions contained in the attached order. The release order will be stayed for five days pending determination of an appeal. *Traitz* at 327 n. 2 (citing *United States v. Coleman,* 777 F.2d 888, 891 (3d Cir.1985)). The appropriate orders will follow.

## ORDER

This matter having been raised by the court *sua sponte;* and

The court having reviewed the submissions and argument of the defendant Palmer Brocco; and

For the reasons stated in this court's opinion filed this date;

IT IS on this 6th day of February, 1987, hereby

ORDERED that

Pursuant to 18 U.S.C. § 3142, defendant Palmer Brocco is to be released pursuant to compliance with the following conditions:

(1) Defendant shall be confined to his home, 41 Livingston Drive, Howell, New Jersey, at all times;

(2) Defendant may only leave his home to consult with his attorneys in this case and the pending case in the District of Maryland or to visit a medical doctor; all transportation to and from a visit to counsel or a medical doctor will be approved in advance by the probation officer; in the event that defendant is unable to contact the probation officer during a medical emergency, the defendant may be transported during a medical emergency to the hospital without prior approval, but notice to the probation officer must be made as soon as possible; all transportation will be direct from the home to the destination; in the case of a visit to local counsel or a local doctor, defendant will not stop or take any detour from a direct route; in the case of a visit to Maryland counsel, defendant will travel only through the states of New Jersey, Pennsylvania, Delaware, and Maryland, and will not detour from a direct route; defendant will call the probation officer upon departure and arrival of each leg of transportation of any visit to counsel or a doctor; defendant will make arrangements at his own cost for such transportation; defendant's custodian, Mrs. Tripodi, or some other person approved by the court will personally accompany and supervise defendant in all his travel;

(3) Defendant and his family must consent to a search of his home at 41 Livingston Drive, Howell, New Jersey, for contraband and weapons before he is released;

(4) Defendant and his family must consent to random inspection of the home at 41 Livingston Drive, Howell, New Jersey, by a probation officer to assure compliance with these conditions; defendant and his family must consent to the use of a pen register to be installed in the home at the government's discretion;

(5) Defendant shall not commit a Federal, State or local crime during the period of release;

(6) Defendant must remain in the custody of his daughter, Mrs. Linda Tripodi; the custodian must supervise defendant and report any violation of a release condition to the court;

(7) Defendant will avoid all contact with an alleged participant or victim of any crime alleged in the indictment and with a potential witness who may testify concerning the offense, unless defendant's own counsel is physically present and while in preparation of the defense of this case or the pending case in the District of Maryland;

(8) In order to assure compliance with these conditions, defendant, at his own cost, will telephone the probation officer at 12:00 noon each day, Monday through Friday; the probation officer will call defendant at home by telephone at least once a day at an unscheduled time every day of the week including weekends; the probation officer will make at least two unscheduled visits to defendant's home each week; (if required by the court, defendant will consent to and wear a monitoring device);

(9) Defendant will refrain from possessing a firearm, destructive device, or other dangerous weapon;

(10) Defendant along with his daughter Mrs. Tripodi and all owners of record shall execute a bail bond in the amount of $150,000.00 secured by the home at 41 Livingston Drive, Howell, New Jersey, to assure defendant's appearance as required, pursuant to General Rules of the United States District Court for the District of New Jersey, Rule 35;

(11) In the event that any condition of release is violated, defendant will be returned to jail and detained for the remaining period of time prior to the completion of the trial.

No costs.