**UNITED STATES of America,**

**v.**

**Luis GONZALEZ, Francisco Hernandez and Juan Herran, Defendants.**

**Crim. No. 87–376.**

United States District Court,
D. New Jersey.

Dec. 22, 1987.

---

Office of the United States Attorney by Alberto Rivas, Asst. U.S. Atty., Newark, N.J., for the U.S.

Thomas Higgins, Newark, N.J., for defendant Luis Gonzalez.

Willis & Selden, P.A. by Peter R. Willis, Jersey City, N.J., for defendant Francisco Hernandez.

Figueredo & Fabian by Emmanuel Fabian, Jackson Heights, N.Y., and Sercarz, Schechter & Lopez by Marvin E. Schechter,

---

Brooklyn Heights, N.Y., for defendant Juan Herran.

## OPINION

### BROTMAN, District Judge:

## I. INTRODUCTION

Presently before the court is an application by the Government that defendants Francisco Hernandez and Juan Herran be detained pending trial, pursuant to the Bail Reform Act of 1984. Specifically, the government asserts that a rebuttable presumption has arisen that "no condition or combination of conditions will reasonably assure the appearance of the [defendants] as required and the safety of the community," 18 U.S.C. § 3142(e), and that defendants have failed to introduce evidence sufficient to rebut this statutory presumption. The court agrees with the government that the aforementioned presumption has arisen in this case. The court also finds that this presumption has not been rebutted by defendant Hernandez, and therefore the pretrial detention of that defendant is ordered, consistent with the provisions set out in 18 U.S.C. § 3142(i). However, the court finds that defendant Herran has sufficiently rebutted the § 3142(e) presumption, and orders his release, subject to the conditions outlined in the following opinion and order.

## II. FACTS and PROCEDURE

Defendants have been charged with: (1) conspiracy to distribute and to possess with intent to distribute quantities of narcotic drug controlled substances, in violation of 21 U.S.C. § 846; (2) knowingly and intentionally possessing with intent to distribute approximately 25 pounds of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) knowingly and intentionally possessing with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1). The factual allegations underlying the indictment are as follows.

On October 1, 1987, a car driven by Luis Gonzalez, a co-defendant named in the indictment against Hernandez and Herran, was stopped on the New Jersey Turnpike by New Jersey State Police. Upon searching the car, the officers discovered approximately 27 pounds of cocaine and heroin.

Mr. Gonzalez agreed to cooperate with the government authorities, and told the law enforcement officials that he had been intending to deliver the cocaine to "Francisco" and "Juan." These names were determined later to refer to defendants Hernandez and Herran, respectively. Mr. Gonzalez also consented to making a controlled delivery of the cocaine, under the supervision of agents from the Drug Enforcement Agency ("DEA").

This controlled delivery occurred at 2565 125th Street, College Point, Queens, New York, where defendants Hernandez and Herran allegedly had a coded discussion with Mr. Gonzalez regarding the narcotics. All three defendants then left College Point.

Thereafter, DEA agents observed Mr. Hernandez return to College Point, get in the car containing the cocaine, and drive to 10–21 166th Street, Whitestone, Queens. The agents then followed Mr. Hernandez into an apartment at that location, arrested him, and obtained his consent to search the apartment. This search uncovered a kilogram of cocaine, two fully loaded automatic weapons, and drug paraphernalia. DEA agents later arrested Mr. Herran near his residence, and, upon searching him, discovered approximately $8,000.00 in cash.

## III. DISCUSSION

Under the Bail Reform Act, pretrial preventive detention is permissible only where a judicial officer determines, after a hearing, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142. *See United States v. Suppa*, 799 F.2d 115, 117 (3d Cir.1986). In making this determination, the court is guided by a statutory presumption that arises under the Bail Reform Act when the defendant to be detained is charged with certain offenses:

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably as-

sure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, *et seq.*). . . .

18 U.S.C. § 3142(e).

This Section 3142(e) presumption is applicable to the present case. Both defendants · Hernandez and Herran have been indicted for violations of 21 U.S.C. § 841(a)(1), crimes which have maximum sentences of ten years or more. Furthermore, probable cause to believe that the defendants committed these offenses exists by virtue of the fact that a grand jury has returned an indictment against defendants Hernandez and Herran, charging them with violations of § 841(a)(1). *See Suppa*, 799 F.2d 115, 119 (3d Cir.1986) (holding that "the indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption ... under § 3142(e)."). Therefore, the only issue remaining to be resolved is whether the defendants succeeded in rebutting this presumption at the detention hearing.

■ Section 3142(g) of the Bail Reform Act provides:

(g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) The weight of the evidence against the person;

(3) The history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, commu-

nity ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posted by the person's release.

In evaluating the evidence presented at the detention hearing in light of the foregoing factors, the court first notes that the nature of the offense charged and the weight of the evidence against the defendants have already ˙been determined to support the rebuttable presumption that defendants should be detained pending their trial. The court would add, however, that the circumstances surrounding the arrest of defendant Hernandez, which include the discovery of two fully loaded automatic weapons at that defendant's residence, are also relevant to the court's determination.

At the detention hearing, both Mr. Hernandez and Mr. Herran presented proposed bail packages, consisting of substantial amounts of security. The attorney for Herran estimated the value of the property which his client could offer as security to assure his appearance between $750,000.00 and $850,000.00. Similarly, defendant Hernandez' attorney represented to the court that his client could offer from $400,000.00 to $500,000.00 worth of property to be posted for his bail.

These offers of security by the defendants are obviously relevant to the issue of whether defendants will attempt to flee the jurisdiction before their trial. Furthermore, inasmuch as some of the security offered by the defendants, particularly by Mr. Herran, consists of property owned by fellow members of the community in which defendants reside, these offers can be viewed as character evidence indicative of how the defendants are regarded by their

neighbors. As noted by the Third Circuit in *United States v. Carbone*, 793 F.2d 559 (3d Cir.1986), "Although posting a property bond normally goes to the question of defendant's appearance at trial, where the surety takes the form of residential property posted by community members the act of placing this security is a strong indication that the private sureties are also vouching for defendant's character." *Id.* at 561.

As for other evidence presented which is relevant to the factors presented in § 3142(g), both defendants have lived in the community of Whitestone for many years. Defendant Herran owns a house and an antique business in that area, while defendant Hernandez does not own a home in Whitestone and is currently unemployed. Both defendants have prior criminal convictions for drug offenses. Mr. Herran's attorney emphasized that, prior to his previous conviction in 1970, Mr. Herran was free on bail for a period of 18 months, during which time he did not fail to appear for any court-ordered appearance.

Given these circumstances, it is determined that defendant Herran has rebutted the presumption which arose under § 3142(e), and will therefore be released, subject to certain conditions similar to those imposed by this court in *United States v. Vastola*, 652 F.Supp. 1446 (D.N.J. 1987). The court notes that Mr. Herran's attorney proposed at the detention hearing the imposition of *Vastola*-type conditions as an alternative to preventive detention.

Regarding Mr. Hernandez, the court finds that, while this defendant may have rebutted the presumption that his appearance for trial could not be assured, the court remains unconvinced that Mr. Hernandez does not pose a threat to the safety of the community. This court is particularly troubled by the presence of two loaded automatic firearms at Mr. Hernandez' residence. While there is no evidence on the record, other than the nature of the crime charged, to suggest that Mr. Herran is a danger to his community, the court feels that the possession by Mr. Hernandez of these dangerous weapons constitutes independent evidence of the threat to the public posed by this defendant. In light of this evidence, this court is compelled to order Mr. Hernandez' continued detention.

An appropriate order will be entered.

## ORDER

This matter having come before the court on motion of the United States to detain defendant Francisco Hernandez pending trial, pursuant to 18 U.S.C. § 3142(e); and

The court having held a hearing on October 30, 1987 and November 16, 1987 on the government's application; and

The court having reviewed the submissions and arguments of the parties; and

For the reasons stated in this court's opinion to be filed on this date;

IT IS on this 21st day of December, 1987, hereby

ORDERED that pursuant to 18 U.S.C. § 3142, defendant Francisco Hernandez is to be committed to the custody of the United States Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and it is

FURTHER ORDERED that defendant Hernandez be afforded a reasonable opportunity for private consultation with counsel; and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant Hernandez is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

No costs.