**UNITED STATES of America**

v.

**Frank SUPPA, Appellant.**

**No. 86–5481.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Aug. 19, 1986.

Decided Aug. 27, 1986.

Thomas W. Greelish, U.S. Atty., Marion Percell, Asst. U.S. Atty., Newark, N.J., for appellee.

Jerome J. Froelich, Jr., McKenney & Froelich, Atlanta, Ga., Alan L. Zegas, West Orange, N.J., for appellant.

Before SEITZ, HIGGINBOTHAM, and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

### Introduction

Frank Suppa appeals from the order of the district court directing his pretrial detention. Two questions are presented. First, is an indictment for one of the crimes enumerated in the Bail Reform Act of 1984 sufficient to support a judicial finding of probable cause which triggers the rebuttable presumption of dangerousness under 18 U.S.C. § 3142(e)? Second, if the rebuttable presumption of dangerousness was triggered, did Suppa fail to rebut the presumption? Because we answer both questions affirmatively, we affirm the district court's pretrial detention order.

### I.

### Facts

On June 12, 1986, a federal grand jury sitting in the District of New Jersey returned an indictment, No. 86–223, against Suppa and 10 co-defendants. Suppa was charged in one count with conspiracy to distribute and distribution of cocaine from "at least as early as September 1, 1985 and continuing thereafter up to the filing of this Indictment." App. at 3. The government moved to detain Suppa pending trial pursuant to 18 U.S.C. § 3142(e).

The statute provides that if a judicial officer finds that there is probable cause to believe that defendant has, *inter alia,* "committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*)," a rebuttable presumption arises that no conditions of release will assure the safety of the community or defendant's appearance at trial. 18 U.S.C. § 3142(e).

A magistrate conducted a hearing on Suppa's pretrial detention on June 18, 1986. At that hearing, the government sought to invoke the rebuttable presumption of danger to the community by relying on the June 12 indictment. The government did not seek to invoke the presumption that Suppa would flee. App. at 92–93.

The government attempted to buttress a probable cause determination by proffering the existence of an eyewitness' testimony that Suppa received distribution of drug proceeds and asserting the corroboration of other aspects of the eyewitness' testimony through surveillance, tapes and co-conspirators' statements. App. at 31, 65–66. Finally, to further support a finding of danger to the community, the government produced Suppa's prior criminal record, App. at 33, and informed the magistrate that at the time of the offense charged, Suppa was on pretrial release in another case where an indictment charged him with conspiracy to violate federal racketeering laws in violation of 18 U.S.C. § 1962(c) & (d), conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and distribution of cocaine in violation of 21 U.S.C. § 841(a). App. at 34–35. *Cf.* 18 U.S.C. § 3142(e)(2). The government did not call any live witnesses.

To counter the government's presentation, Suppa called F.B.I. Agent Dennis Marchalonis, who was present in the courtroom but who had not testified. The magistrate sustained the government's objections to any questions to the agent concerning the

substance of the government's case. App. at 78–85. Suppa then proffered evidence that he had been married 27 years, had six children, had a long-term residence and had never run from any charge against him. App. at 98–99.

The magistrate held that the indictment itself established probable cause and triggered the rebuttable presumption of dangerousness under section 3142(e). App. at 107. The magistrate also held that Suppa had failed to rebut that presumption as his proffer went to risk of flight rather than dangerousness. App. at 108. The magistrate, therefore, ordered Suppa's detention pending trial. Suppa sought review by the district court.

Before the district court, Suppa and the government repeated their arguments. The government emphasized that the offense for which Suppa was indicted allegedly occurred while he was on pretrial release for another drug offense and that Suppa had produced no evidence of employment. App. at 145–47. In an attempt to rebut the presumption of dangerousness, Suppa added to his proffer before the magistrate his contentions that he did not commit the crime, that two co-defendants would testify to that effect if his trial was severed from theirs, and that he had never threatened anybody. App. at 159.

The district court held that the presumption of dangerousness "was triggered by the indictment itself which charges a drug offense of the requisite severity, as to which there was probable cause." App. at 171. The indictment, together with the fact that it was issued while Suppa was on bail, was sufficient to trigger the presumption "separate and apart from the evidence proffered by the government." App. at 171. The court also held that Suppa failed to rebut the presumption of dangerousness, noting the lack of employment and stating that Suppa's proffer went more to flight than to dangerousness. App. at 171–80. The court then held that even had

Suppa rebutted the presumption, the government's proffer coupled with the charge of a crime committed while on bail convinced the court that "clear and convincing evidence exists to believe that defendant Suppa poses a danger to the community within the meaning of the Bail Reform Act of 1984." App. at 190. The court, therefore, ordered Suppa's pretrial detention. Suppa appeals.[1]

## II.
### Discussion
### A. Probable Cause

Pretrial detention may be ordered only if, after a hearing, a "judicial officer finds that no condition or combination of conditions will reasonably assure ... the safety of any other person and the community." 18 U.S.C. § 3142(e). In making such a finding, the judicial officer may utilize an evidentiary presumption:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure ... the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*)....

18 U.S.C. § 3142(e).

Here, Suppa was indicted for violations of 21 U.S.C. § 841(a)(1) bearing the requisite penalty. The government, therefore, sought to invoke the rebuttable presumption of § 3142(e), citing the indictment and proffering the existence of testimony implicating Suppa in the charged crimes as support for a finding of probable cause. The proffer before the magistrate consisted only of the statement of the Assistant United States Attorney that an eyewitness would testify that he was present when Suppa received distribution of drug pro-

---

**1.** The Bail Reform Act requires that an appeal from a detention order "be determined promptly." 18 U.S.C. § 3145(c). Pursuant thereto, this court expedited Suppa's appeal and this opinion. Therefore, we discuss the applicable law and precedent in a somewhat abbreviated manner.

ceeds and when Suppa discussed drug transactions with a co-defendant. App. at 31, 65–66. The government conceded before the district court that the "direct evidence" proffered to the magistrate that Suppa was a source of cocaine in fact consisted instead of co-conspirators' statements to its informant. App. at 167–68.

On appeal, the government argues that it may properly proceed by proffer to show the requisite probable cause. Both the magistrate and the district court stated that this court's opinion in *United States v. Delker,* 757 F.2d 1390 (3d Cir.1985), so stated. App. at 57, 190. In fact, the reference to proceeding by proffer in *Delker* referred to the right of a *defendant* to proceed by proffer, a right that the Bail Reform Act expressly grants to the defendant, but not to the government. 18 U.S.C. § 3142(f). Therefore, *Delker* is not authority governing the manner in which the government may proceed to prove its case.

Although we have grave question whether the required finding of probable cause may be based on a proffer of evidence by the government, we need not reach that issue in this case. Both the district court and the magistrate also held that the indictment alone, apart from any proffered evidence, was sufficient to support a finding of probable cause. App. at 107, 171. If so, the proffered evidence would be irrelevant unless Suppa rebutted the presumption of dangerousness. We turn instead to Suppa's argument that the courts below erred as a matter of law in relying on the indictment.

Section 3142(e) requires that there be a finding of probable cause by a judicial officer. We have previously relied on this requirement as the basis for holding that the Act satisfies the requirements of procedural due process. *See United States v. Perry,* 788 F.2d 100, 113 (3d Cir.1986) (citing *Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 863, 43 L.Ed.2d 54 (1975)). In *Perry,* however, we did not address what evidence would be sufficient to support a judicial finding of probable cause, stating only that, in accord with *Gerstein,* "the full

panoply of adversary safeguards" was unnecessary to the judicial determination. *Id.* at 113–14 (quoting *Gerstein,* 420 U.S. at 119–20, 95 S.Ct. at 865–66).

The district courts in this circuit are divided on the question whether an indictment is sufficient to support a finding of probable cause under the statute. The court in this case held that it was. Another district court has held that the judicial officer must have a factual basis independent of the return of an indictment upon which to make the requisite finding of probable cause. *United States v. Allen,* 605 F.Supp. 864 (W.D.Pa.1985). This court has not yet directly addressed the question. *See United States v. Accetturo,* 783 F.2d 382, 390 (3d Cir.1986) (reserving the issue).

The Act itself is silent as to what is sufficient to support a judicial finding of probable cause. The legislative history of the Act provides some guidance, stating:

> Because the requirements of subsection (e) must be met before a defendant may be detained, the fact that the defendant is charged with an offense described in subsection (f)(1)(A) through (C) is not, in itself, sufficient to support a detention order. However, the seriousness of the offenses described in subsection (f)(1)(A) through (C) coupled with the government motion is a sufficient basis for requiring an inquiry into whether detention may be necessary to protect the community from the danger that may be posed by a defendant charged with one of those crimes.

S.Rep. No. 225, 98th Cong., 1st Sess. 21, *reprinted in* 1984 U.S.Code. Cong. & Ad. News 3182, 3204.

In its careful consideration of the legislative history and the statutory language, the Eleventh Circuit concluded that because an indictment by a grand jury conclusively demonstrates that probable cause exists to implicate a defendant in a crime, "The indictment, coupled with the government's request for detention, 'is a sufficient basis for requiring *an inquiry* into whether detention may be necessary....' (emphasis supplied)." *See United States v. Hurtado,*

779 F.2d 1467, 1478 (11th Cir.1985) (citation omitted). According this effect to an indictment is consistent with the holding that an indictment is a sufficient substitute for a preliminary hearing to establish probable cause. *See Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 865 n. 19, 43 L.Ed.2d 54 (1975); Fed.R.Crim.P. 5(c).

The probable cause finding predicated on an indictment will not necessarily be sufficient to cause detention, since the presumption of § 3142(e) shifts to the defendant only the burden of producing evidence of lack of dangerousness, the burden of persuasion on dangerousness remaining always with the government. *See Perry*, 788 F.2d at 114–15. As the *Hurtado* court explained:

> The showing of probable cause (by means of an indictment) *may* be enough to justify detention if the defendant fails to meet his burden of production, or if the government's showing is sufficient to countervail the defendant's proffer, ... but it will *not necessarily* be enough, depending upon whether it is sufficient to carry the government's burden of persuasion.

*Hurtado*, 779 F.2d at 1478 (emphasis in original) (citation omitted).

We agree that there is no reason to require a judicial officer to repeat a process already performed by the grand jury at the possible expense of what is the proper focus in detention hearings, "the application of the presumptions and the § 3142(g) factors in deciding whether the defendant should be detained." *United States v. Contreras*, 776 F.2d 51, 54 (2d Cir.1985) (citing S.Rep. No. 225, 98th Cong., 1st Sess. 21, *reprinted in* 1984 U.S.Code. Cong. & Ad.News 3182, 3204).

Our holding that the indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e) is in accord with the unanimous position of the other circuits that have reached the issue. *See United States v. Dominguez*, 783 F.2d 702, 706 n. 7 (7th Cir.1986); *United States v. Hurtado*, 779 F.2d 1467, 1477–79 (11th Cir.

1985); *United States v. Contreras*, 776 F.2d 51 (2d Cir.1985); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985).

### B. Rebuttal of Presumption

■ Suppa also argues that the district court erroneously held that he failed to rebut the presumption of dangerousness triggered by the probable cause finding. He refers to his proffer before that court of the following:

> that he has been married for 27 years; that he has six children; that he has never attempted to flee nor violated parole; that other than the charges pending in the District of New Jersey, the last charges, for a forgery offense, occurred 13 years ago; that appellant has lived at his current address for six years and that he lived at his previous address for nine years; and that he was complying with his conditions of release. Appellant had further proffered that he did not commit the crime alleged, that two of his co-defendants would swear that he did not participate in any wrongdoing, and that the so-called "eyewitness" of the government, William Hawley, was unreliable.

Brief of Appellant at 34–35. He refers us to the affidavit which he provided on appeal of Hawley's former cellmate averring Hawley's psychological problems, drug and alcohol use, and former murders.

In addition, Suppa states that on appeal he:

> has placed in the record an affidavit from a bonding company official attesting to the cooperation of appellant (209a), and affidavits from seven other persons who swear that Frank Suppa is not a dangerous person and who also swear that they would be willing to post their homes to help him obtain a bond. (210a to 216a).

*Id.* at 35.

In *Delker*, we stated that Rule 9(b) of the Federal Rules of Appellate Procedure permits this court, in reviewing release applications, to consider evidence that may not have been before the trial court. 757 F.2d

at 1399. Nonetheless, the weight that we can realistically accord such evidence is limited. For example, since we are not a factfinding body, we are not in a position to ascertain further information about the persons who filed the affidavits of willingness to post their homes to help defendant obtain a bond. In *United States v. Carbone*, 793 F.2d 559 (3d Cir.1986), on which Suppa relies and where we referred to such evidence, the trial court had rejected earlier affidavits from other persons. Only after Carbone submitted additional affidavits of "friends residing in Carbone's community [who] posted $1,000,000 in property as surety," *id.* at 561, did the trial court find, based on additional evidence as well, that Carbone had rebutted the presumption that he posed a danger to the community. In this case, the bald affidavits filed with us simply do not convince us that the trial court here erred in its finding that Suppa had not rebutted the presumption.

In *Perry*, we referred to the type of evidence that might be adequate to rebut the presumption. We listed "testimony by co-workers, neighbors, family physician, friends, or other associates concerning the arrestee's character, health, or family situation." 788 F.2d at 115. No such evidence was proffered by Suppa in this case. Moreover, we agree with the trial court that it is significant that there was no evidence of steady employment by Suppa. In contrast, in *Carbone*, there was such evidence as well as arrangements for appropriate conditions of confinement.[2]

Finally, although we must make an "independent determination" of a detention order because of the crucial liberty interest at stake, *Delker*, 757 F.2d at 1399, we must also give the reasons articulated by the trial judge "respectful consideration." *Id.* at 1400. Here, the district court, unlike that in *Carbone*, found that defendant did not rebut the presumption.

Based both on the district court's determination and our independent evaluation of the evidence proffered by the defendant, we conclude that Suppa failed to rebut the presumption of dangerousness to the community.

### III.

#### Conclusion

■ Suppa has raised several additional issues on appeal, none of which require extended discussion. We refer only to Suppa's contention that the district court erred in preventing him from examining F.B.I. Agent Marchalonis about the weight of the government's case against him. The district court did not err in this respect. A pretrial detention hearing is not intended to serve as a vehicle for discovery from the government. Nothing in the statute or the legislative history indicates otherwise.

For the reasons set forth above, we will affirm the order of the district court detaining Suppa pending his trial, which is presently scheduled to commence September 2, 1986.

---

2. Moreover, in *Carbone*, even the government appeared to be unconcerned about the defendant's danger to the community since it failed to move for a stay of the district court's order granting bail and instead "chose to rest solely on an appeal with the delays attendant in full briefing." *Carbone*, 793 F.2d at 560 n. 1.