UNITED STATES of America, Appellee,

v.

Willie DORSEY, Appellant.

No. 87–1285.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1988.
Decided July 29, 1988.

Joseph A. Fenlon, Clayton, Mo., for appellant.

Richard L. Poehling, St. Louis, Mo., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Willie Dorsey appeals from a final judgment entered in the district court[1] for the Eastern District of Missouri upon a jury verdict finding him guilty of possession of cocaine with an intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Appellant was sentenced to a prison term of nine years. For reversal appellant argues, among other things, that the district court improperly admitted testimony concerning a fingerprint analysis, that his pretrial detention deprived him of a fair trial, and that the evidence was insufficient to establish that he was in knowing possession of the cocaine. For the reasons discussed below, we affirm the conviction.

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

The record shows that on April 16, 1986, St. Louis Police Officers Jeffrey Kowalski and Bill Moore were on a routine patrol in a marked police car. At approximately 2:10 a.m., the officers observed what they considered to be a suspicious vehicle and began following the car. As soon as the officers began their pursuit, the suspect vehicle accelerated to a high rate of speed and the officers briefly lost sight of the car. Officer Moore, however, had noted the vehicle's license plate number and within ten to fifteen seconds the officers relocated the car stopped along a curbside in a deserted area of the city. The officers then saw a man get out of the car, retrieve a grocery bag from the back seat and begin to run. The officers immediately gave chase in their patrol car. After a short distance the suspect dropped the grocery bag, and what was later determined to be a glass beaker fell from the bag and broke on the ground. The suspect collected some of the other fallen items, put them back into the bag and continued running. At this point, Officer Kowalski began a foot pursuit while Officer Moore followed in the police car. Officer Kowalski caught up with the suspect and during the ensuing struggle, the bag which the suspect had been carrying fell to the ground. The suspect ultimately broke free and escaped over a fence.

The police officers subsequently gathered the items which had fallen from the grocery bag during the chase and struggle, including the glass beaker and a quantity of white powder. A subsequent chemical analysis of the white powder showed that the suspect had been in possession of over a kilogram of pure cocaine. Approximately three hours after the chase ended, Officers Moore and Kowalski identified a police department photograph of appellant Willie Dorsey as the person they had chased. In addition to the photograph, the police identified appellant from fingerprints found on the glass jar which had fallen from the grocery bag.

On August 23, 1986, approximately four months after the incident with the police, appellant was arrested. The government filed a motion to detain appellant in jail without bond, alleging that appellant was likely to flee. The motion was sustained and appellant was held in the St. Clair County Jail in Belleville, Illinois, without bond from the time of his arrest. On January 5, 1987, appellant was found guilty of possession of cocaine with intent to distribute.

■ For reversal of his conviction, appellant first argues that the district court erred in admitting evidence that his fingerprints were found on the glass beaker since the government failed to show that the fingerprints were impressed at the time of the criminal act. Appellant's argument is without merit. The Eighth Circuit has held that "[f]ingerprint evidence is ... admissible for the purpose of identifying the accused and of connecting him to the offense." *United States v. Scarpellino*, 431 F.2d 475, 478 (8th Cir.1970). In *Scarpellino*, the court ruled that fingerprints of the defendant found in a stolen car which had been used for a robbery were admissible even though the government failed to show that the car was generally inaccessible to persons other than the defendant. This court ruled that "[t]he evidence had probative value and whether it supported the inference that defendant was in the car at the time it was used to flee the scene of the robbery was for the jury to determine." *Id.* The fingerprint evidence in the case before us was highly probative of appellant's possession of the cocaine and was properly admitted for that purpose.

■ Appellant next argues that he was denied his fifth and eighth amendment rights because he was detained without bail pending trial. Under the Bail Reform Act of 1984, 18 U.S.C. § 3142(e), a defendant may be detained without bail prior to trial where, after a hearing, a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* The Act further provides that a rebuttable presumption arises that pretrial detention is appropriate where "the judicial officer finds that there is prob-

able cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)." *Id.*

In the instant case, United States Magistrate Carol Jackson found that there was probable cause to believe that appellant had violated 21 U.S.C. § 841(a)(1), an offense with a maximum imprisonment term of fifteen years. The magistrate concluded, therefore, that the presumption arose under 18 U.S.C. § 3142(e) that detention was required to assure the appearance of appellant and the safety of the community. Magistrate Jackson noted that appellant presented no evidence to rebut that presumption. Moreover, the evidence adduced before the magistrate reinforced the presumption that pretrial detention was appropriate. The evidence showed that appellant fled from police on April 16, 1986, and evaded arrest until four months later. At the time of the arrest, appellant denied his true identity and presented false identification information. He attempted to mislead the court during the bail hearing by falsely stating that he lived with his mother. He was previously convicted of a stealing offense while an appeal was pending on other stealing and burglary convictions. We conclude that the district court did not err in detaining appellant prior to trial pursuant to 18 U.S.C. § 3142(e).

■ In addition, we reject appellant's argument that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that appellant knowingly possessed the controlled substance. An appellate court reviewing the sufficiency of the evidence to support a conviction must view the evidence in the light most favorable to the verdict, accepting all reasonable inferences that logically arise from that evidence. *United States v. Matlock*, 773 F.2d 227, 229 (8th Cir.1985); *United States v. Coronel–Quintana*, 752 F.2d 1284, 1292 (8th Cir.1985). The government's evidence at trial showed that appellant fled from the marked police car upon initial contact. He then fled on foot, but only after he retrieved the bag containing the cocaine and

cocaine paraphernalia from the car. In addition to appellant's flight from the police and his direct possession of the cocaine, his knowledgeable possession can be demonstrated by the presence of his fingerprints on the cocaine paraphernalia in the bag. We conclude that the record contains sufficient evidence to support the jury's verdict.

We have also considered appellant's arguments regarding other alleged trial errors and find them to be without merit.

Accordingly, the judgment of the district court is affirmed.