729 F.Supp. 1478 (1989)
UNITED STATES of America
v.
Louis GATTO, Sr., et al., Defendants.
Crim. A. No. 89-250(SSB).
United States District Court, D. New Jersey.
November 22, 1989.
*1479 *1480 Office of the U.S. Atty. by James C. Patton, Asst. U.S. Atty., Newark, N.J., for U.S.
Miles R. Feinstein, Clifton, N.J., for defendant Louis Gatto, Sr.
William J. Demarco, Wayne, N.J., for defendant Joseph Gatto.
Joseph T. Afflitto, Diamond, Afflitto & Raimondi, Wayne, N.J., for defendant Alan Grecco.
Peter V. Ryan, West Orange, N.J., for defendant Stephano Mazzola.

OPINION AND ORDER
BROTMAN, District Judge.
On July 31, 1989, this court entered an order of detention pending trial for defendants Stephano Mazzola, Joseph Gatto, and Alan Grecco, finding that there was a serious risk that the defendants would endanger the safety of another person or the community and that no set of bail conditions could reasonably assure the safety of the community at large or potential witnesses in this case. Defendants have requested a de novo hearing to reconsider this detention order.
Defendants subpoenaed documents from various state law enforcement agencies, returnable at the detention hearing held October 26, 1989. The government sought to quash the subpoenas. Noting that defendants are not entitled to full scale discovery at a pretrial detention hearing under United States v. Suppa, 799 F.2d 115, 120 (3d Cir.1986), this court ordered that the government produce the documents for in camera review to determine compliance with the Jencks Act, 18 U.S.C. § 3500, and Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963).

I. MATERIAL TO WHICH DEFENDANTS ARE ENTITLED
Under Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963), the defendants are entitled, upon request, to evidence in the government's possession that is material either to guilt or to punishment. Impeachment evidence, as well as exculpatory evidence, falls within the Brady rule. United States v. Bagley, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985). Federal Rule of Criminal Procedure 16(a)(1) provides that, during discovery, the government must furnish any relevant statement made by the defendant, the substance of any statement made by defendant in response to interrogation, and any grand jury testimony of the defendant. The government must also furnish any copy of the defendant's criminal record, and permit inspection of any documents or tangible objects that are material to the preparation of the defense, are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant. Fed.R.Crim.P. 16(a)(1). Rule 16 also permits discovery of reports of physical or mental exams that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial. Id.
The material to which defendants are entitled has many limits. Rule 16 expressly excludes the discovery of reports or documents made by "the attorney for the government or other government agents in connection with the investigation or prosecution of the case," or of statements made by prospective government witnesses, except as permitted by the Jencks Act, 18 U.S.C. § 3500.
The Jencks Act, 18 U.S.C. § 3500(a) provides that no statement of a prospective government witness shall be subject to subpoena or discovery until the witness has testified on direct examination.
Defendants' discovery is also limited by Federal Rule of Criminal Procedure 17, which provides that this court may quash the subpoena for documents if compliance *1481 would be unreasonable or oppressive. Fed. R.Crim.P. 17(c).
Under Bowman Dairy Co. v. United States, 341 U.S. 214, 221, 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951), this court must be solicitous to protect against disclosures of the identity of informants, and the method, manner and circumstances of the government's acquisition of the materials described in the subpoenas. Id.
Because the case is at the pretrial detention stage, and not in full discovery, defendants are further limited in what materials they may subpoena. In United States v. Suppa, 799 F.2d 115, 120 (3d Cir.1986), the Third Circuit noted that a pretrial detention hearing is not intended to serve as a vehicle for discovery from the government. In Suppa, the defendant sought to call an FBI informant as a witness at the pretrial detention hearing to challenge the weight of the evidence against him. Id. at 116. The trial court denied his request, and the Third Circuit affirmed on this issue.[1] Unfortunately, the Third Circuit did not define the limits of discovery available at this stage.
At least one other district court confronting the issue agrees that defendants are not entitled to full scale discovery at a pretrial detention hearing. In United States v. Hazzard, 598 F.Supp. 1442, 1453 (N.D.Ill.1984), the district court held that defendant was not entitled to discovery of all evidence concerning lineups, photographic identifications, the statements of all witnesses, fingerprints and documents, as well as the identity of confidential informants. The court noted that the only exculpatory evidence was that some of the persons who viewed the lineup did not identify him. Id. at 1453. The court further noted that defendants were able to discuss this matter at the hearing because counsel was present at the lineup, thus further details of the lineup were unnecessary. Id.
Defendants argued at the hearing held November 9, 1989 that the difference in the standard of proof at the detention hearing and at trial does not justify withholding information from them. This court notes that Third Circuit precedent limits discovery at the pretrial detention stage, not the differing standard of proof. Nothing in the Bail Reform Act or its legislative history indicates that the pretrial detention hearing may be used as a vehicle for discovery. Suppa, 799 F.2d at 120.
The government argues that exclusion by Rule 16 of the discovery of reports or documents made by "the attorney for the government or other government agents in connection with the investigation or prosecution of the case" excludes most of the documents covered in the subpoena, because they are mostly police and investigative reports. This reading of Rule 16's exclusions is overly broad. The rule excludes reports prepared in connection with the investigation or prosecution of the case, not of other cases that may have come prior to it. The language of the statute suggests that it refers only to attorney work product on the current case, not to investigations and prosecutions from the past. Legislative history supports this reading. See 1975 Amendments: Conference Committee Notes, H.Rep. No. 94-414, at D. (reprinted in 18 U.S.C.A. Rule 16, Notes of Advisory Committee on Rules, at 203) ("work product" not discoverable); 18 U.S.C.A. Rule 16, Notes of Advisory Committee on Rules, 1974 Amendments, at 198 (work product of government attorney protected). Because the reports in the subpoena are not the work product of the United States Attorney in prosecuting this case, there is no blanket exclusion of reports by government agents as the government suggests.
In sum, the court must balance the defendants' rights to exculpatory materials against the prohibition of full scale discovery at the pretrial detention stage. Clearly, the court can not permit discovery of:

*1482 (1) the identity of the government's witnesses;
(2) any attorney work product of the government in this case;
(3) any statement of a prospective government witness in this case;
(4) any disclosure of the identity of informants;
(5) any disclosure of the method, manner, or circumstances of the government's acquisition of the materials described in the subpoenas.
Furthermore, the court has discretion to quash the subpoenas for documents if compliance would be unreasonable or oppressive. The court also retains discretion to limit discovery at the pretrial detention stage because a detention hearing is not a vehicle for defendants' discovery from the government. Thus, while defendants are entitled to all exculpatory information in the documents, including impeachment evidence of government witnesses but excluding their statements, this court has discretion to restrict discovery of the remaining documents.

II. LIMITATIONS ON IN CAMERA REVIEW

A. Statements of Government Witnesses

At this time, the court is not aware of the witnesses that the government plans to call. Thus, it is impossible for this court to determine whether its in camera review complies with the Jencks Act, providing that "no statement or report in the possession of the United States which was made by a Government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The United States Attorney may object to some of the material the court chooses to disclose if it inadvertently reveals the name of a government witness. However, disputes as to whether material is exculpatory should be resolved in favor of disclosure to the accused. United States v. Allen, 513 F.Supp. 547 (D.C.Okla.1981); United States v. Narciso, 446 F.Supp. 252 (D.C. Mich.1977). Thus, absent some disclosure to the court of the names of prospective government witnesses, this court will presume that exculpatory evidence contained in the documents does not run afoul of the Jencks Act requirement.
The defendants have also challenged the completeness of the court's in camera review on the materials already submitted. Defendants have raised the argument that the Jencks Act does not apply to the statements of the prospective government witnesses here because the documents are not subpoenaed from the United States government, but from third party government agencies. The court finds no support in the language of the Jencks Act for this contention. In fact, the 1970 amendments to the Act specifically removed the words "to an agent of the Government," indicating that statements made by the prospective witness fall within the Jencks Act prohibition on discovery before direct testimony regardless to whom they are made.
Additionally, defendants have not cited any case for the contention that statements to third parties are outside the requirements of the Jencks Act. At least one case rejects the defendants' contention. In United States v. Pardo-Bolland, 348 F.2d 316 (2d Cir.), cert. denied, 382 U.S. 944, 86 S.Ct. 388, 15 L.Ed.2d 353 (1965), the Second Circuit found that the trial court was within its discretion to refuse to order the production of a signed statement given by a government witness to the French police, even though the statement related to the witness's testimony. This court may similarly exercise its discretion to refuse to order production of statements made to third parties. Here, the court refuses to order production of the statements made to the various state law enforcement groups because to do so would circumvent the requirements and purposes of the Jencks Act. The government here plans to use the subject matter of these statements as part of its case-in-chief. To permit discovery of these statements from third parties where the Jencks Act prohibits discovery from the *1483 United States directly would defeat Congress's intent in enacting the Jencks Act.
Defendants allege that exculpatory evidence, including statements of witnesses to the crimes at issue, was withheld by court. The examples cited by defendants at the hearing held November 9, 1989, include early interviews with Frank Schneider and Frank Galimi regarding the Mistretta murder. However, it appears that these witnesses will testify for the government at this trial, thus any statement made by these witnesses is not discoverable under the Jencks Act before they testify on direct examination, as discussed supra. Defendants are not entitled to these statements yet.

B. Questions as to What is "Exculpatory"

Defendants maintain that the subpoenaed materials should be turned over in toto. Defendants object that, because the court does not know their strategy and may not look at the materials from their advocate's point of view, the in camera procedure is awkward and may not disclose evidence that they, as advocates, find exculpatory. In at least one instance, this contention may be true. At oral argument, defendants stated that, although the police report listed a tip from an anonymous caller, they knew the identity of the caller to be Vincent Briganti. Defendants did not explain how this information was exculpatory, but maintained that it was. The court could not have known the identity of the caller from the materials submitted. The court may continue to overlook information that could be exculpatory based on the subjective knowledge of the defendants.
It is unclear whether the court must consider the subjective knowledge of the defendants in determining which evidence is exculpatory. Whether evidence is exculpatory under Brady is generally determined after the fact, that is, after trial when exculpatory evidence not turned over to the defendant somehow comes to light. In such a case, "evidence is material [to guilt or punishment] only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985) (plurality).
Defendants may be able to show that some material was exculpatory in light of facts known only to them and, therefore, should have been revealed at the pretrial hearing. The court cannot determine under what circumstances this situation may arise in advance. If defendants are still detained when such information comes to light, they can renew their motion for reconsideration of the detention order at that time. The possibility of this situation arising does not warrant turning over the subpoenaed materials in toto, in light of the Third Circuit's prohibition on full scale discovery at a pretrial detention hearing. See Suppa, 799 F.2d at 120.

C. Specific Incidents Reviewed by the Court

Defendants here challenge the court's determination that there is no set of conditions that no set of bail conditions could reasonably assure the safety of the community at large or potential witnesses in this case. The government's showing of dangerousness as to each defendant includes participation in the following events:

MAZZOLA: Staged shooting of Mazzola.
 Arson.
 Belli murder.
 Adamo murder.
 Extortionate collection of
 credit from Stumpo.
 Unprovoked attack on youth
 outside police station.
 History of violence shown
 through psychiatric reports.
GRECCO: Belli disappearance.
 Belli beating.
 Extortionate collection of
 credit from Stumpo.
 Extortionate collection of
 credit from Clarke.
 Mistretta murder.
 Lombardi murder.
 Adamo murder.
 Chiaramello murder.
JOSEPH GATTO: Belli murder.
 Extortionate collection of
 credit from Stumpo.

*1484 In reviewing the subpoenaed documents, this court has restricted its review to material that exculpates defendants from these specific incidents.

III. REVIEW OF SUBPOENAED STATE POLICE DOCUMENTS
I received the subpoenaed files from the State Police. I have numbered the documents sequentially, assigning a number for every page of every document.
The State Police submitted the documents in their entirety, and highlighted those portions they believe to be confidential. They explained on a separate sheet, for each document, why the information is privileged. They also submitted copies of the documents already in redacted form and stamped "Confidential." The court's copies of the complete documents and the explanations of confidentiality are numbered 00001 through 00079. The redacted versions of the documents are numbered 00080 through 00132.
The State Police have uniformly requested that their file numbers and the status information be redacted. This information falls within the category of information this court is obliged to protect from disclosure under Bowman Dairy Co. v. United States, 341 U.S. 214, 221, 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951) (court must be solicitous to protect against disclosure of identity of informants, and method, manner, and circumstances of government's acquisition of materials described in subpoena). Additionally, this information is in no way exculpatory under Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963), thus this court may exercise its discretion to exclude it.
The State Police included several copies of document number 00049 in their original materials, but did not include a redacted version. The court has reviewed the document and has decided to release it to defendants. The document has been redacted to omit intelligence information that is not discoverable under Bowman Dairy Co. v. United States, 341 U.S. 214, 221, 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951). This document is numbered 00132. It appears in defendants' packet just after document 00117.
Below, I have set out why specific documents were redacted.

Original Redacted Comments
 00001 _____ Cover letter.
 00002 00081 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00003 00082 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00004 _____ Separate sheet explaining privilege.
 00005 00083 Information is in no way exculpatory under Brady v.
 Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d
 215 (1963), thus this court may exercise its discretion to
 exclude it.
 00006 00084 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00007 _____ Separate sheet explaining privilege.
 00008 00085 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00009 00086 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00010 _____ Separate sheet explaining privilege.
 00011 00087 Only file number redacted.

*1485
Original Redacted Comments
 00012 00088 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00013 00089 Information is in no way exculpatory under Brady v.
 Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d
 215 (1963), thus this court may exercise its discretion to
 exclude it.
 00014 00090 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00015 _____ Separate sheet explaining privilege.
 00016 00091 Information is that of another enforcement agency not
 under subpoena, thus this court may exercise its discretion
 to exclude it under United States v. Suppa, 799 F.2d
 115, 120 (3d Cir.1986).
 00017 00092 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00018 _____ Separate sheet explaining privilege.
 00019 00093 Only file number redacted.
 00020 00094 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00021 _____ Separate sheet explaining privilege.
 00022 00095 Information that is of another enforcement agency not
 under subpoena, thus this court may exercise its discretion
 to exclude it under United States v. Suppa, 799 F.2d
 115, 120 (3d Cir.1986).
 00023 00096 Information is that of another enforcement agency not
 under subpoena, thus this court may exercise its discretion
 to exclude it under United States v. Suppa, 799 F.2d
 115, 120 (3d Cir.1986).
 00024 _____ Copy of newspaper article within public domain, thus this
 court may exercise its discretion to exclude it under United
 States v. Suppa, 799 F.2d 115, 120 (3d Cir.1986).
 00025 _____ Separate sheet explaining privilege.
 00026 _____ No document given this number.
 00027 00097 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00028 00098 Information is in no way exculpatory under Brady v.
 Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d
 215 (1963), thus this court may exercise its discretion to
 exclude it.
 00029 00099 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00030 00100 Information is in no way exculpatory under Brady v.
 Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d
 215 (1963), thus this court may exercise its discretion to
 exclude it.
 00031 00101 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00032 00102 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00033 00103 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).

*1486
Original Redacted Comments
 00034 00104 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00035 00105 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00036 00106 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00037 00107 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00038 00108 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00039 00109 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00040 _____ Separate sheet explaining privilege.
 00041 00110 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00042 00111 Only file number redacted.
 00043 00112 Only file number redacted.
 00044 00113 Only file number redacted.
 00045 00114 Only file number redacted.
 00046 00115 Only file number redacted.
 00047 00116 Only file number redacted.
 00048 00117 Only file number redacted.
 00049 [00132] Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00050 Duplicate of 00048.
 00051 Duplicate of 00047.
 00052 Marked-up duplicate of 00049.
 00053 Duplicate of 00049.
 00054 Duplicate of 00048. (00050)
 00055 Duplicate of 00049. (00053)
 00056 Duplicate of 00048. (00050 & 00054)
 00057 Duplicate of 00049. (00053 & 00055)
 00058 _____ Separate sheet explaining privilege.
 00059 00118 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00060 _____ Separate sheet explaining privilege.
 00061 00119 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00062 _____ Separate sheet explaining privilege.
 00063 00120 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00064 _____ Separate sheet explaining privilege.
 00065 00121 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00066 _____ Separate sheet explaining privilege.
 00067 00122 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00068 00123 Only file number redacted.

*1487
Original Redacted Comments
 00069 00124 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00070 _____ Separate sheet explaining privilege.
 00071 00125 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00072 00126 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00073 00127 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00074 00128 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00075 00129 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00076 _____ Separate sheet explaining privilege.
 00077 00130 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00078 00131 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).
 00079 _____ Separate sheet explaining privilege.
 00080 Cover list of documents under subpoena.
 [00049] 00132 Intelligence information that is not discoverable under
 Bowman Dairy Co. v. United States, 341 U.S. 214, 221,
 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951).

This court shall release copies of the redacted versions of the listed documents to defendants. The original documents, both complete and redacted versions, shall be returned to the State Police. Copies of the complete original documents have been placed in an envelope for the record and are hereby SEALED. This record may be opened only by order of this court.

IV. MATERIALS ALREADY REVIEWED
This court ordered the U.S. attorney to return the complete contents of the files already reviewed to keep the entire set of subpoenaed documents together. The court also ordered the government to supply the court with copies of the documents turned over to defendants as redacted by the U.S. attorney. As to these documents, the court shall release a page by page review, as provided above for the State Police documents, as an addendum to this opinion. The court shall order a copy of the original documents to be placed in the file and sealed.
NOTES
[1] This court also rejected a defendant's claim that he was entitled to call an FBI agent as his own witness to rebut the presumption of dangerousness. United States v. Caba, Crim. No. 88-435(SSB), slip op. at 6 (D.N.J. Feb. 9, 1989).