**UNITED STATES of America, Plaintiff,**

v.

**Frank ADIPIETRO, Defendant.**

**No. 91–00065–03–CR–W–9.**

United States District Court,
W.D. Missouri, W.D.

June 18, 1991.

Charles E. Ambrose, Jr., U.S. Atty.'s Office, Kansas City, Mo., for U.S.

Mark J. Komoroski, Bortnick, Komoroski & McKeon, Kansas City, Mo., for defendant Alan E. Kaniss.

Larry C. Pace, Kansas City, Mo., for defendant Ruben O. Sanchez.

John R. Cullom, Kansas City, Mo., Barry J. Levine, Mineola, N.Y., for defendant Frank Adipietro.

Charles E. Atwell, Koenigsdorf & Wyrsch, P.C., Kansas City, Mo., for defendant Vincent Auricchio.

James F. Speck, Kansas City, Mo., for defendant Ralph DeFalco.

James B. Chancellor, Duncan, Coulson, Schloss, Chancellor & Norris, John P. O'Connor, Kansas City, Mo., Bertram Polis, Polis & Sadacca, P.C., Tucson, Ariz., for defendant Farmer aka John C. Sargent.

ORDER GRANTING PLAINTIFF'S MOTION FOR REVOCATION OF CHIEF MAGISTRATE JOHN T. MAUGHMER'S ORDER OF RELEASE AND COMMITTING DEFENDANT TO CUSTODY PENDING TRIAL

BARTLETT, District Judge.

Pursuant to 18 U.S.C. § 3145, the United States moves to revoke Chief Magistrate John T. Maughmer's June 4, 1991, Order of Release. A hearing was held on June 7, 1991, in which the parties were given the opportunity to present additional factual information and legal argument in support of their positions regarding the United States' motion. The only additional evidence presented at the hearing was the testimony of F.B.I. agent Douglas Fencl.

### Standard of Review

■ Under *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir.1985), *de novo* review is the proper standard for a district court to apply in reviewing an Order of Release. *See also United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir.1985). Accordingly, I proceeded *de novo* in determining whether defendant's pretrial release is warranted.

### Discussion

A judicial officer may order pretrial detention only if he or she finds, after a hearing, that "no condition or combination of conditions will reasonably assure the appearance of the person ... and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pretrial detention may be ordered only where the United States "shows by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) will reasonably assure the defendant's appearance." *United States v. Orta*, 760 F.2d 887, 891 (8th Cir.1985) (en banc).

■ Under 18 U.S.C. § 3142(e), a judicial officer may, in certain circumstances, rely on an evidentiary presumption in determining whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community. *See United States v. Dorsey*, 852 F.2d 1068, 1069–70 (8th Cir.1988). Section 3142(e) provides:

Subject to rebuttal by the person, it shall be presumed that no condition or combi-

nation of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)....

■ The probable cause finding required by § 3142(e) may be based on a grand jury Indictment. *United States v. Suppa,* 799 F.2d 115, 119 (3rd Cir.1986); *United States v. Dóminguez,* 783 F.2d 702, 706 n. 7 (7th Cir.1986); *United States v. Hurtado,* 779 F.2d 1467, 1478–79 (11th Cir.1986); *United States v. Contreras,* 776 F.2d 51, 54 (2d Cir.1985); *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985).

An Indictment is sufficient to support a finding of probable cause under § 3142(e) because, in returning an Indictment, a grand jury "conclusively demonstrates that probable cause exists to implicate a defendant in a crime." *Suppa,* 799 F.2d at 118. There is "no reason to require a judicial officer to repeat a process already performed by the grand jury at the possible expense of what is the proper focus in detention hearings, 'the application of the presumptions and the § 3142(g) factors in deciding whether the defendant should be detained.'" *Id.* at 119 (quoting *Contreras,* 776 F.2d at 54).

However, a finding of probable cause based on an Indictment will not necessarily be sufficient, by itself, to require a defendant's detention. *Suppa,* 799 F.2d at 119; *Hurtado,* 779 F.2d at 1478. In *Hurtado,* the court stated:

> The showing of probable cause (by means of an indictment) *may* be enough to justify detention if the defendant fails to meet his burden of production, or if the government's showing is sufficient to countervail the defendant's proffer ... but it will *not necessarily* be enough, depending upon whether it is sufficient to carry the government's burden of per-

suasion.... [T]he government may not merely come before the trial court, present its indictment, and thereby send the defendant off to jail, foreclosing any further discussion. Rather, the defendant still must be afforded the opportunity for a hearing at which he may come forward with evidence to meet his burden of production, leaving on the government the ultimate burden of persuasion. *Id.* at 1478.

■ A split exists between the circuits as to whether the § 3142(e) presumption shifts the burden of production or the burden of persuasion to the defendant. The majority of courts hold that the presumption shifts only the burden of production leaving the ultimate burden of persuasion on the United States. *See United States v. Ridinger,* 623 F.Supp. 1386, 1390 (W.D.Mo. 1985).

Although the Eighth Circuit Court of Appeals has never directly decided this question, I believe that the court implied in *United States v. Orta,* 760 F.2d 887, 891 n. 17 (8th Cir.1985) (en banc), that it would follow the burden of production approach. Judge John W. Oliver reached the same conclusion in *Ridinger,* 623 F.Supp. at 1390. Therefore, I conclude that the rebuttable presumption established in § 3142(e) shifts only the burden of production to the defendant and that the burden of persuasion remains on the United States.

Several circuits of the United States Court of Appeals have addressed the question regarding what amount of evidence is sufficient to rebut the § 3142(e) presumption.[1] In *United States v. Jessup,* 757 F.2d 378, 384 (1st Cir.1985), the First Circuit stated that, in meeting his burden of production, a defendant must produce "some evidence" contrary to the presumption. *See also United States v. Cook,* 880 F.2d 1158, 1162 (10th Cir.1989) ("burden of production is not heavy ... but in order to rebut the presumption, the defendant must produce some evidence"); *United States v. Perez–Franco,* 839 F.2d 867, 870 (1st Cir. 1988); *United States v. Carbone,* 793 F.2d 559, 560 (3rd Cir.1986) (defendant must pro-

---

1. Apparently, the Eighth Circuit has not yet faced this issue.

duce "some credible evidence" to rebut presumption); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986); *Hurtado*, 779 F.2d at 1470, n. 4 (defendant must merely come forward with "some quantum of evidence" to rebut the § 3142(e) presumption); *United States v. Alatishe*, 768 F.2d 364, 371 (D.C.1985).

Based on the May 14, 1991, Superseding Indictment, there is probable cause to believe that Adiepietro committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act.

■ Defendant has not presented evidence sufficient to rebut the § 3142(e) presumption. The only evidence presented by Adipietro is the Pretrial Services Report prepared in the Western District of Missouri dated May 16, 1991. Defendant has no prior criminal record and has lived in the New York City area all his life. Defendant's relatives are willing to post a $100,-000 secured bond for his release. The pretrial report contains unsubstantiated reports of Adipietro's assets and employment history. These facts arguably might support an inference that plaintiff is neither a flight risk nor a risk to the community. However, for the reasons stated on the record at the hearing on June 7, 1991, I believe to the extent an inference favorable to defendant arises, it is insufficient to rebut the § 3142(e) presumption. The inference is based on oral information provided by defendant and his family. The information is vague, e.g., no location in Florida is given for defendant's condominium, and is unsupported by any documentary evidence. (Certainly the presumption cannot be rebutted by the defendant saying "I'm not a flight risk; I'm not a danger." Most of the information supporting an inference favorable to defendant is only modestly more persuasive than that.) Furthermore, this weak information points only to ties in New York. Adipietro has no ties to the Western District of Missouri. Confirmation of Adipietro's weak ties even to New York is found in the conclusion of the New York Magistrate Judge that defendant's ties to New York were not sufficient to warrant releasing defendant.

■ However, if the vague, unsubstantiated information presented by defendant is sufficient to rebut the § 3142(e) presumption, the Congressional findings upon which the presumption is based remain to be considered along with other factors in making a determination about detention.

> In order to 'rebut' the presumption, the defendant must produce some evidence; and the magistrate or judge should then still keep in mind the fact that Congress has found that [persons charged with major drug offenses], as a general rule, pose *special* risks of flight. The magistrate or judge should incorporate that fact and finding among the other special factors that Congress has told him to weigh when making his bail decision.

*United States v. Jessup*, 757 F.2d 378, 384 (1st Cir.1985). *Accord, United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir.1985). *See also United States v. Bess*, 678 F.Supp. 929, 934 (D.D.C.1988); *United States v. Dominguez*, 629 F.Supp. 701, 706 (N.D.Ind. 1986).

> Section 3142(g) provides in part:
> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
> (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release....

Based on the record below, and on the evidence presented at the hearing, I make the following findings of fact:

1) There is probable cause to believe that Adipietro committed an offense for which a maximum sentence of life imprisonment may be imposed.

Substantial evidence was presented that Adipietro was a major participant in a significant drug operation involving large amounts of money. For example, the testimony of Roy Jacoby regarding his personal observations of defendant's activities supports the allegations of the Indictment.

2) For the reasons stated on the record, the information about Adipietro contained in the Pretrial Sentencing Report is so vague, conclusory and from sources so partial to defendant that I am not persuaded that defendant will appear at trial or that defendant will not be a danger to the community if released. For example, plaintiff's employment history and financial resources are supported only by statements of the defendant and his family. Documentary support for the oral statements should have been readily available. For instance, documents showing the location, description and ownership of property were not presented. Also, no documentary evidence was presented supporting the family's statements that defendant operated a contracting business.

Furthermore, if released, defendant would have to appear for trial in Kansas City. Defendant has no ties to this community. Defendant's ties to the New York community failed to persuade the Magistrate Judge there to release defendant.

3) Congress concluded that defendants charged with the crimes Adipietro is pose a special risk of flight and a serious danger to the community if released. *See* the quote from *Jessup*, 757 F.2d at 384 (quoted on page 1273 of this opinion) and the following from the U.S.Code Cong. and Admin.News, 1984, 98th Congress, Vol. 4 at 3195–96:

[T]he language of safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm including physical violence.... The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'

Here, Adipietro has not produced evidence sufficient to overcome these Congressional findings when considered together with the United States' evidence in this case supporting the Congressional findings.

After considering the conditions of release set forth in 18 U.S.C. § 3142(c) (*see* record of June 7, 1991, hearing), I am persuaded that the United States has established by a preponderance of the evidence that no condition or combination of conditions reasonably will assure the appearance of Adiepietro as required. Moreover, the United States has established by clear and convincing evidence that no condition or combination of conditions reasonably will assure the safety of the community if defendant is released from custody pending trial.

### Conclusion

For the foregoing reasons, it is ORDERED that:

1) Chief Magistrate John T. Maughmer's June 4, 1991, Order of Release is set aside;

2) Frank Adiepietro is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences, or being held in custody pending appeal; and

3) while in detention Adipietro shall be afforded reasonable opportunity for private consultation with his attorney.