**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hassan HAZIME, Defendant-Appellant.**

**No. 85–1243.**

United States Court of Appeals,
Sixth Circuit.

May 7, 1985.

David Griem (argued), Detroit, Mich., for defendant-appellant.

Joel M. Shere, Michael C. Leibson, Gary M. Maveal, (argued), Asst. U.S. Attys., Detroit, Mich., for plaintiff-appellee.

Before MERRITT, KENNEDY and WELLFORD, Circuit Judges.

MERRITT, Circuit Judge.

This is an emergency appeal from an order of the District Court detaining defendant Hassan Hazime prior to trial without bail under the Bail Reform Act of 1984, (the Act), 18 U.S.C. § 3141 *et seq.* Hazime challenges the constitutionality of 18 U.S.C. § 3142(e), a provision of the Act that requires judicial officers making pretrial detention decisions to apply a rebuttable presumption that an individual charged with a serious drug offense will likely flee before trial. He also contends that he introduced evidence of family ties and educational and employment history in the United States which rebutted whatever presumption of flight did arise, and that he was therefore entitled to be set free under section 3142(d) of the Act.

Although relying on the presumption, it is unclear whether the District Court treated the presumption merely as an evidentiary rule, shifting the burden of persuasion to the defendant to show that he would not flee. The U.S. Attorney's position on this question is likewise unclear.

The nature of the presumption obviously has great bearing on both its constitutionality and on the question of whether Hazime adequately rebutted the presumption. These important questions are being considered for the first time by this court. They tend to evade review by becoming moot when the conviction or acquittal occurs. These issues, however, should be addressed by this court only on the basis of a clear ruling by the District Court. In the instant case we do not know what weight the District Court gave to the presumption and what weight it gave to other evidence. We therefore remand the case to the District Court for reconsideration and further findings and conclusions.

I.

On January 21, 1985, Hazime was indicted in the Eastern District of Michigan in Detroit on four of ten counts in an indictment for conspiracy to import and distribute 37 to 49 kilograms of Heroin with a value estimated by the government as between $4.5 million and $7.3 million. Hassim was charged with conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846; conspiracy to import heroin in violation of 21 U.S.C. §§ 952(a) and 955c; and conspiracy to fail to report the transportation of monetary instruments in excess of $5,000 out of the United States in violation of 31 U.S.C. §§ 5316 and 5322. The indictment alleged that Hazime was a drug "runner" who arranged and participated in meetings where Hazime exchanged suitcases containing cash (and which were then taken by plane to Lebanon) for suitcases containing heroin.

The government moved for an order detaining Hazime prior to trial without bail, and on January 22, 1985, a detention hearing was held before a magistrate pursuant to 18 U.S.C. §§ 3142(e) and (f), under which the "judicial officer" is to order the detention of the accused person prior to trial if "after a hearing pursuant to the provisions of subsection (f)," he finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The detention hearing, and subsequent hearings before the District Court, involved one of the rebuttable presumptions that the Act creates. It states:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a

maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq*)...

18 U.S.C. § 3142(e).

The magistrate found that Hazime's indictment for a drug offense under 21 U.S.C. § 801 *et seq.* established a presumption that there was no condition or combination of conditions favorable to his release on bond pending trial, a showing the magistrate found was met by the government's assertions that Hazime was unemployed, was vague about his wife's whereabouts, had a valid passport and had in the recent past pleaded guilty to charges of possession of a stolen credit card and resisting arrest, and Hazime's prehearing statement that "if I find out who the people are who testified against me, I will put my fingers through their eyes." He also interpreted the Act as requiring a showing of probable cause to believe that Hazime had committed the offenses charged, (A. 31), but required no evidence beyond the indictment.

In an effort to rebut the presumption in favor of detention, Hazime's attorney stated that Hazime had received a master's degree in electrical engineering from the University of Detroit only a month before the hearing, and was interviewing for jobs with General Motors and the Department of Navy. He also stated that Hazime would be willing to surrender his passport, and that although Hazime had made two recent trips to Lebanon, they had been financed by his parents, who also resided in the Detroit area. The magistrate found that Hazime's answers to the pretrial services officer had been vague and evasive and that he had only recently moved to the Detroit area from Florida and did not have strong ties to the Detroit area. He found that Hazime's attorney's picture of Hazime was flawed by the fact that Hazime was "charged with importing large amounts of Heroin."

The magistrate ordered Hazime detained without bail, and this decision was appealed to the District Court. Although noting that a clearly erroneous standard for review of the magistrate's decision was probably correct, the District Court held a *de novo* hearing on the detention order. The District Court ruled that the indictment established probable cause to believe that Hazime committed the offense charged, A. 54.

The District Court held that the probable cause finding triggered the section 3142(e) presumption that Hazime would not appear if released on bail and was dangerous. A. 58. The court found that Hazime had failed to rebut this presumption. The court was troubled by Hazime's explanation regarding $8,345 he brought into the country on August 23, 1983, money he first described as his own, and later as money sent by his mother to his father. The court also found that the fact that in 1983 Hazime had cashed a check for $10,649.18 in denominations of $100 and higher cast doubt on the credibility of Hazime's explanation that this money was for his father. The District Court therefore affirmed the magistrate's decision detaining Hazime.

On Hazime's motion for reconsideration, a second hearing was held before the District Court, and Hazime explained that the source of $10,649.18 check was the settlement of a personal injury suit in which he was plaintiff. District Judge Gilmore reiterated his opinion that the indictment charging Hazime with participation in a conspiracy to distribute a huge amount of heroin established probable cause. A. 85–86. He concluded that "[T]he burden is on the defendant and he has not convinced me, he has not rebutted the presumption contained in the statute, so I will once again deny bail." A. 89.

## II.

At oral argument, Hazime's counsel contended that we should follow the Third Circuit's recent decision in *United States v. Delker*, 757 F.2d 1390 (3d Cir.1985), holding that a court of appeals has a non-delegable responsibility to make an independent determination of the merits of the bail application prior to trial. However, *Delker* relied on *United States v. Provenzano*, 605

F.2d 85, 92 (3d Cir.1979), which interpreted Rule 9(b) of the Federal Rules of Appellate Procedure, a rule governing applications for release on appeal *after* conviction. *See Delkert,* at 1399–1400. Regardless of the wisdom of independent determination by this court of release applications after conviction, we are not convinced that such a *de novo* standard of review is appropriate in appeals from pretrial detention orders which are issued on the basis of hearings specifically authorized by section 3142(f). This court does not conduct evidentiary hearings and hear witnesses, and we will not disturb the factual findings of the District Court and magistrate in pretrial hearings unless we determine those findings to be clearly erroneous. Our standard in reviewing mixed questions of law and fact and the legal conclusions of the District Court, however, remains that of *de novo* consideration.

We affirm the District Court's decision that the indictment in this case, which alleges that Hazime was an important intermediary in a large, international drug conspiracy, is sufficient to establish probable cause that Hazime committed one or more of the charged offenses. *See Gerstein v. Pugh,* 420 U.S. 103, 117 n. 19, 95 S.Ct. 854, 865 n. 19, 43 L.Ed.2d 54 (1975). Section 3142(g), which states that "[t]he judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—... (2) the weight of the evidence against the person," is not relevant to whether probable cause has been established. By its terms, it deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community.

As noted above, the District Court referred to the "presumption contained in the statute" and did not identify whether the presumption was burden shifting or evidentiary in nature. The District Court also failed to state clearly whether Hazime failed to overcome the presumption that he would flee, that he would pose a danger to witnesses or to the community by continuing his participation in the drug conspiracy, or both. On appeal, the government has suggested that the presumption is burden shifting, but stated at oral argument that it has the burden of proving the elements necessary for pretrial detention by "clear and convincing" evidence. The government has failed, as of yet, to take a clear position on the relationship between the requirement in section 3142(f) that "[T]he facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence," and the section 3142(e) presumption of danger which is triggered by the probable cause finding. Nor has the government distinguished between flight and dangerousness, although as we read section 3142(f), the clear and convincing standard applies only to the latter.

We recognize that the First Circuit has recently decided that the section 3142(e) presumption involved in this case is evidentiary and merely places the burden on the defendant to produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community. *United States v. Jessup,* 757 F.2d 378, 380–84 (1st Cir.1985). But we have no ruling from the District Court on the nature and type of presumption it applied, and the question is not suitable for our resolution given the uncertainty of the government's position. *Cf. United States v. Williams,* 753 F.2d 329 (4th Cir.1985) (declining to construe presumption since district court did not rely on it). We therefore remand to the District Court to clarify whether it treated the presumption as burden shifting or evidentiary, and for a determination of whether the presumption, as defined, is constitutional. This determination will be greatly assisted by a clear statement of the government's

position regarding the nature of the presumption and the relationship between the section 3142(g) factors, the section 3142(f) clear and convincing standard applicable in considering the safety of persons and the community, and the section 3142(e) presumption.

Accordingly, it is so ordered.