786 F.2d 1167
 Unpublished Disposition
.
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
REUBEN STURMAN, a/k/a ROBERT STERM, ROY C. ENGLISH, PAUL
SCHUSTER, PAUL BEKKER, Defendant-Appellant.
 86-3030
 United States Court of Appeals, Sixth Circuit.
 2/28/86
 
 N.D.Ohio
 REVERSED AND VACATED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: MERRITT, JONES and NELSON, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this emergency appeal, the defendant, Sturman, contests the District Court's determination that bail should be set in the amount of $3,000,000 cash in this criminal tax evasion case initiated upon an indictment charging 15 counts of tax evasion and one count of obstruction of justice by concealing and destroying documents. The appeal is taken pursuant to the Bail Reform Act, 18 U.S.C. Secs. 3141, et seq., particularly section 3145 providing for immediate review of such orders. Our standards of review in such cases are set out in U.S. v. Hazime, 762 F.2d 34 (6th Cir. 1985).
 
 
 2
 In the instant case the District Court, upon the government recommendation, set a $3,000,000 bond ex parte prior to defendant's arrest. No hearing was held prior to the setting of the bond. Upon motion of the defendant for a reduction of the bond, the District Court, after a hearing, declined to reduce the bond. This Court's function on appeal is to insure that the detailed provisions of the Bail Reform Act are enforced.
 
 
 3
 There is no authority under the Bail Reform Act for an ex parte determination of bail prior to arrest. Although the $3,000,000 bail was set at the government's request ex parte, the government at oral argument was unable to cite any authority for such a procedure. It was error for the District Court to handle the case in this manner.
 
 
 4
 At oral argument the government conceded that the only purpose of bond in this case is to insure appearance and that no issue concerning the safety of the community or the propensity of the defendant to commit crimes is presented. The only issue is the likelihood of flight. The government agreed that the defendant, age 61, has been a lifelong resident of Cleveland, has been charged in six other state or federal prosecutions over the last decade and has either been acquitted or the charges against him have been dismissed. The government agreed that the defendant has always appeared as required in all of the other prosecutions. The amount of bail in the other prosecutions has apparently never exceeded $50,000.
 
 
 5
 The government cites as a major point justifying $3,000,000 bail its contention that the defendant is an extremely wealthy man with business enterprises and large sums of money available to him in many parts of the world. Hence the government contends that it would be easy for the defendant to leave the country and maintain himself elsewhere. The one piece of evidence which the government cites as giving rise to an inference that the defendant may take this course is a passport of another person found in the defendant's desk not long before his arrest, a passport that apparently had been altered and could be used for purposes of false identification. The government contends that the defendant used a similar false passport in connection with fraudulent activity at a Swiss bank in the past.
 
 
 6
 This Court concludes, after considering the nature of the indictment, each of the factors listed in 18 U.S.C. Sec. 3142(9), the arguments of counsel, the defendant's history and ties to the community and particularly the government's arguments concerning flight as above stated that the District Court erred in setting a $3,000,000 cash bond in this case. The defendant's ties to the Cleveland community as a lifelong resident, the fact that he has appeared on numerous occasions in the past to face criminal charges, the absence of any criminal conviction record of significance, and the nature of the tax charges against him all indicate that there is no reason to assume that he will not appear for trial. The fact that defendant is a wealthy man with assets available in many countries has been true in the past when he faced other charges and is not a new factor. The fact that he had a false passport like one used in the past, according to the government, for purposes of fraud is not sufficient alone to raise an inference of flight. The only use of such a passport in the past, according to the government, was to facilitate a bank transaction.
 
 
 7
 We are also influenced by the fact that the government could cite no precedent for such a high cash bond in any tax case. The highest bond in a tax case that government counsel was aware of at the time of oral argument was a $50,000 bond. The one imposed in this case is 60 times that amount.
 
 
 8
 In view of these considerations, the Court believes that the cash bond in the present case should be reduced from $3,000,000 to $100,000, an amount more consistent with previous bonds in tax cases and with the bonds under which defendant has consistently appeared in the past, and with the risks involved in the present case. The Court believes that the District Court went astray in this case by setting the bond ex parte at the government's request and then placing on the defendant the burden of showing the District Court that its earlier determination should be changed. There is no authority, as previously stated, for such a procedure; and it is likely to lead to excessive bonds set only upon the government's recommendation.
 
 
 9
 Accordingly, the judgment of the District Court establishing an appearance bond of $3,000,000 cash is reversed, vacated and set aside and in lieu thereof, the District Court is ordered to set and implement a similar cash bond in the amount of $100,000. Judge Nelson dissents and would affirm the bond set by the District Court.