848 F.2d 194
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jake E. CANTRELL, Defendant-Appellant.
 Nos. 88-5003, 88-5278.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1988.
 
 Before ENGEL, Chief Judge, KEITH and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Defendant Cantrell moves for release pending appeal from his conviction of misapplication of bank funds (bank fraud) (18 U.S.C. Sec. 656 and 2). The government has not responded to the motion for release.
 
 
 2
 On December 14, 1987, the district court entered the judgment and commitment order which found defendant guilty of bank fraud and ordered defendant to make restitution of $29,500, imposed a $5,000 fine and sentenced defendant to a 5 year term of imprisonment. He was permitted to remain free on bond pending appeal. On February 11, 1988, the government moved to revoke defendant's bond because it appeared that defendant had committed a federal crime while released on bail. A hearing was held on the motion to revoke and the district court determined that there was probable cause to believe that defendant had committed a federal crime while on release pending appeal. The district court further found that defendant did not rebut the presumption of 18 U.S.C. Sec. 3148(b) that there was no condition or combination of conditions that would assure that the defendant will not flee or pose a danger to the community.
 
 
 3
 According to the provisions of 18 U.S.C. Secs. 3148(b)(1) and (2), an attorney for the government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. The district court shall enter an order of revocation if, after a hearing, the judicial officer finds that there is probable cause to believe that the person has committed a federal, state or local crime while on release or finds that there is clear and convincing evidence that the person has violated any other condition of release. The district court must also find that based on the factors set forth in 18 U.S.C. Sec. 3124(g), there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or the person is unlikely to abide by any condition or combination of conditions of release. If there is probable cause to believe that the person on release has committed another crime while on release, a rebuttable presumption arises that no condition or set of conditions will assure that the person will not pose a danger to the safety of any other person or the community. These findings will not be disturbed unless clearly erroneous, U.S. v. Hazime, 762 F.2d 34 (6th Cir.1985).
 
 
 4
 The probable cause standard of 18 U.S.C. Sec. 3148(b)(1)(A) requires a showing of evidence to "warrant a reasonable caution and belief that the defendant has committed a crime while on bail." U.S. v. Gotti, 794 F.2d 773, 777 (2d Cir.1986). A review of the transcript of the revocation hearing reveals that the district court's finding that there is probable cause to believe that defendant committed a federal crime while on release is not clearly erroneous. Defendant did not rebut the statutory presumption that there is no condition or combination of conditions which will assure that defendant will not flee or pose a threat to the community.
 
 
 5
 The district court's order of March 7, 1988, is affirmed and the motion for release pending appeal is denied.