23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellees,
v.
Charlie Lee WILLIAMS (94-5232), Gordon Sexton (94-5233),
Defendants-Appellants.
 Nos. 94-5232, 94-5233.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1994.
 
 Before: MILBURN and GUY, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendants, Charlie Lee Williams and Gordon Sexton, appeal the district court's decisions which affirmed the magistrate judge's conclusions that both defendants should be detained pending trial. Briefs have now been filed by all parties in these consolidated appeals.
 
 
 2
 According to the provisions of 18 U.S.C. Sec. 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. Sec. 3142(g) and include: the nature and circumstances of the offense charged; the weight of the evidence against the person; and the nature and seriousness of the danger posed by the defendant's release. Subject to rebuttal, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. Sec. 801 et seq. 18 U.S.C. Sec. 3142(e). In reviewing a district court's order that a defendant be detained pending trial, factual findings will not be disturbed unless this court determines they are clearly erroneous. United States v. Hazime, 762 F.2d 34, 37 (6th Cir.1985).
 
 
 3
 The district court properly invoked the presumption of Sec. 3142(e) with respect to both defendants. Further, the court credited the testimony of an investigating agent that Sexton threatened an informant with a weapon while Williams, also armed, stood by. Sexton argues that the district court failed to consider a stipulation that a weapon found during a search of his house was not owned by him at the time of the alleged incident. Assuming that the district court did not consider that stipulation, the evidence before it was nevertheless sufficient to support the conclusion that Sexton posed a danger and to justify his pretrial detention.
 
 
 4
 Both Sexton and Williams presented character evidence to the magistrate and the district court which they have also submitted to this court. However, even in reviewing that evidence we find no error in the district court's conclusion to detain both defendants pending trial.
 
 
 5
 The district court's order of February 11, 1994, continuing the pretrial detention of these defendants is AFFIRMED.