37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bryant K. MORRIS, Defendant-Appellant.
 No. 94-3874.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1994.
 
 Before: LIVELY, JONES, and SILER, Circuit Judges.
 
 ORDER
 
 1
 The defendant appeals the district court's denial of his release on a bond pending trial on charges of possessing cocaine with intent to distribute. Now before the court are briefs from the defendant and the government as well as the joint appendix. The panel is in unanimous agreement that oral argument is not necessary. Rule 34(a), Fed.R.App.P.
 
 
 2
 On appeal are the decisions of the district court revoking the conditions of release set by the magistrate and denying reconsideration of that decision. According to the provisions of 18 U.S.C. Sec. 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. Sec. 3142(g) and include: the nature and circumstances of the offense charged; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger posed by the defendant's release. Subject to rebuttal by the defendant, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. Sec. 801 et seq. 18 U.S.C. Sec. 3142(e). Factual findings with respect to such decisions shall not be disturbed on appeal unless clearly erroneous. United States v. Hazime, 762 F.2d 34 (6th Cir.1985).
 
 
 3
 The defendant argues here, as he did in the district court, that the combination of conditions he proposes rebuts any presumption in favor of his detention. However, the district court found that approximately eight warrants had been issued for the defendant based upon his nonappearance for relatively minor state court offenses. Although several of these nonappearances were explained and also apparently excused by the state court, others were not. The defendant also argued that during the nearly eight months between the alleged criminal sales and his arrest, there was no record of criminal activity on his part and he did not flee the jurisdiction. It must be noted, as the district court did, that during this period of time, the defendant did not face charges with a potential for a lengthy prison term. We find no error in the district court's conclusions.
 
 
 4
 Further, the defendant relies upon the security offered in support of his release, pointing out that his parents and a grandparent have pledged their homes. Despite this offering of security, the exact value of which may be subject to debate, the district court found it was insufficient to rebut the presumption in favor of detention in view of the defendant's past history of nonappearance. Upon review of this matter, we conclude that the district court did not err.
 
 
 5
 The district court's orders of July 25 and July 29, 1994, are AFFIRMED. Rule 9(b), Local Rules of the Sixth Circuit. This is without prejudice to the consideration of any future requests for release as permitted by law.