48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John A. ROBINSON, Defendant-Appellant.
 No. 95-5033.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1995.
 ORDER
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; and CHURCHILL, District Judge.*
 
 
 2
 Defendant has been indicted for interstate transportation of stolen vehicles, possession of vehicles with altered identification numbers, attempted exportation of stolen vehicles and of vehicles with altered identification numbers, failure to file tax returns and money laundering. He was ordered detained pending trial, and now appeals the detention order. The government urges that the district court's detention order be affirmed.
 
 
 3
 According to the provisions of 18 U.S.C. Sec. 3142(e) and (f), certain defendants shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. Sec. 3142(g) and include: the nature and circumstances of the offense charged; the weight of the evidence against the person; and the nature and seriousness of the danger posed by the defendant's release. The district court's findings of fact will not be disturbed on appeal unless they are found to be clearly erroneous. United States v. Hazime, 762 F.2d 34, 37 (6th Cir.1985). Questions of law, or mixed questions of law and fact, however, are reviewed de novo by the court. Id.
 
 
 4
 Defendant has not demonstrated that the district court's findings that he is a risk of flight and a danger to the community are clearly erroneous. Defendant argues that the district court erred in refusing to require the disclosure of the entire case file of an FBI agent who testified at the detention hearing pursuant to Rule 26.2, Fed.R.Crim.P. The district court did, however, require the government to produce certain witness interview reports prepared by the agent that related to the subject matter of his testimony at the hearing. Rule 26.2 does not mandate the disclosure of third-party statements, or of statements not related to the subject matter concerning which the witness has testified. We find no error in the district court's ruling on disclosure pursuant to Rule 26.2 that requires the reversal of the detention order.
 
 
 5
 It therefore is ORDERED that the district court's detention is affirmed.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation