59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lombardo GUERRA-RODRIGUEZ, Defendant-Appellant.
 No. 95-5773.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1995.
 
 Before: BROWN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Defendant was indicted on a charge of conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 846 and 841. He was ordered detained pending his trial, which is scheduled to begin on June 27, 1995. Defendant appeals the pretrial detention order. The government opposes defendant's release and requests that the court affirm the district court's detention order.
 
 
 2
 According to the provisions of 18 U.S.C. Sec. 3142(e) and (f), defendant can be detained pending trial if, after a hearing, the judge finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. Sec. 3142(g) and include: the nature and circumstances of the offense charged; the weight of the evidence against the person; and the nature and seriousness of the danger posed by the defendant's release. Subject to rebuttal, the statute creates a presumption in favor of pretrial detention. The statutory presumption does not, however, shift the burden of proof. United States v. Portes, 786 F.2d 758, 764 ((7th Cir. 1985). The government must prove risk of flight by a preponderance of the evidence. United States v. Martir, 782 F.2d 1141, 1146 (2d Cir. 1986); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985). The district court's findings of fact will not be disturbed on appeal unless they are found to be clearly erroneous. Questions of law, or mixed questions of law and fact, however, are reviewed de novo by the court. United States v. Hazime, 762 F.2d at 37.
 
 
 3
 Upon review of the record, we conclude that the district court did not err in determining that the government demonstrated a risk of flight by a preponderance of the evidence and that defendant failed to rebut the statutory presumption. The district judge did not order defendant detained pending trial solely because he is a citizen of Mexico. Rather, the judge properly considered defendant's citizenship and his lack of ties to Tennessee as factors in evaluating the risk of flight. See United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986) (per curiam).
 
 
 4
 It therefore is ORDERED that the district court's detention order is affirmed.