99 F.3d 1140
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy Richard ANDERSON, Defendant-Appellant.
 No. 96-6270.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 Before: MERRITT, NELSON, and COLE, Circuit Judges.
 
 ORDER
 
 1
 The defendant, Troy Anderson, appeals the district court's decision ordering his detention pending trial on drug and firearms charges. This panel is of the unanimous opinion that oral argument would not aid the decisional process. Rule 34(a), Fed.R.App.P. Before the court are the briefs of the parties and supporting exhibits, including full transcripts of the hearings before the magistrate and the district judge.
 
 
 2
 Fourteen people, including the defendant, were charged in a multi-count indictment with violations of the Controlled Substances Act, 21 U.S.C. § 801, et seq. The defendant was also charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g). The magistrate conducted a hearing regarding the defendant's detention pending trial. The government introduced evidence that on two prior occasions the defendant had paid witnesses to refrain from testifying or to obtain favorable testimony. The defendant countered with five witnesses who said the defendant did not pose a danger to the community. Eighteen additional persons were present who would have testified the same. The magistrate concluded the defendant must be detained pending his trial.
 
 
 3
 On the defendant's appeal of the magistrate's decision, the district court conducted a second hearing. The government presented two witnesses who testified concerning confiscation of firearms from the defendant. The defendant presented a signed petition in support of his release. The district court noted the serious nature of the charges, the testimony in support of the charges, the fact that defendant was on release pending appeal of a state felony drug conviction at the time of the federal charges, the defendant's three prior felonies, and the evidence that he had previously tried to influence testimony. The court ordered the defendant's detention pending trial.
 
 
 4
 The defendant retained new counsel who filed a motion to reconsider the detention issue. The district court considered the new arguments and concluded that they did not alter the prior conclusion in favor of detention.
 
 
 5
 In appeals from the denial of pre-trial release, this court will review findings of fact under a clearly erroneous standard. United States v. Hazime, 762 F.2d 34, 37 (6th Cir.1985). Legal conclusions and mixed conclusions of law and fact are reviewed de novo. Id. According to the provisions of 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger posed by the person's release. Subject to rebuttal, there is a presumption in favor of pretrial detention if the judicial officer finds there is probable cause to believe that the defendant committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 3142(e); see also United States v. Strong, 775 F.2d 504, 506-07 (3rd Cir.1985); ASS. Rep. No. 98-225, 98th Cong., 2d Sess. 12-13, reprinted in 1984 U.S.Code Cong. & Ad.News 3182, 3195-96.
 
 
 6
 The presumption in favor of detention arises in this case based upon the charges against the defendant. The defendant's character evidence does not completely remove the effect of the presumption. See United States v. Jessup, 757 F.2d 378, 382-84 (1st Cir.1985). The evidence as a whole supports the conclusion that the defendant poses a danger to society. We conclude that the district court did not err in detaining the defendant pending his trial.
 
 
 7
 Therefore, it is ORDERED that the district court's order of detention is affirmed.