110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie Bruce RAMSEY, Defendant-Appellant.
 No. 97-5144.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 The defendant appeals the district court's decision to detain him pending trial on charges of conspiracy, possession of stolen mail, and making a false statement to a postal inspector. The district court concluded that no combination of conditions could reasonably assure the defendant's appearance or the safety of the community were he released. On appeal, the defendant summarizes the evidence presented and asks this court to reach another conclusion.
 
 
 2
 According to the provisions of 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will assure the defendant's appearance and the safety of the community. The factors to be considered in determining whether to release a defendant pending trial are found at 18 U.S.C. § 3142(g) and include: the nature and circumstances of the offense charged; the weight of the evidence against the person; and the nature and seriousness of the danger posed by the defendant's release. A finding of fact in support of pretrial detention shall not be disturbed on appeal unless clearly erroneous. United States v. Hazime, 762 F.2d 34 (6th Cir.1985). Conclusions of law and mixed questions of law and fact are reviewed de novo. Id.
 
 
 3
 Upon review of the record, we conclude that the magistrate and the district judge did not err in ordering the defendant's detention pending trial. The evidence demonstrates the defendant has failed to make past court appearances, has used aliases and multiple dates of birth, has had access to firearms, and has committed criminal acts while on release from other charges. These facts support the district court's conclusions both as to the defendant's risk of flight and danger to the community. We note that when evaluating danger, the courts look to more than whether the defendant has been guilty of physical violence. See United States v. Vance, 851 F.2d 166, 169 (6th Cir.), cert. denied, 488 U.S. 893 (1988). The conditions of release proposed by the defendant do not negate these concerns.
 
 
 4
 It therefore is ORDERED that the district court's decision is affirmed.