### UNITED STATES of America, Plaintiff–Appellee,

v.

### Jim LATTNER, Defendant–Appellant.

### No. 01–2104.

United States Court of Appeals, Sixth Circuit.

Oct. 29, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

### ORDER

The defendant appeals a district court order detaining him without bond pending trial on drug trafficking charges. We unanimously agree that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R.App. P. 9(a); 34(a).

A district court's factual findings in support of pretrial detention shall not be disturbed on appeal unless clearly erroneous. Mixed questions of law and fact and the legal conclusions of the district court are reviewed de novo. *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985). According to the provisions of 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judi-

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

cial officer finds that no condition or set of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

The defendant does not dispute that the statutory presumption in 18 U.S.C. § 3142(e) is triggered in this case. Subject to rebuttal by the defendant, it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq. The indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985); *See also United States v. Suppa*, 799 F.2d 115, 119 (3d Cir.1986) ("Our holding that the indictment is sufficient to support a finding of probable cause ... is in accord with the unanimous position of the other circuits that have reached the issue."). The presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person or the community. The government retains the burden of persuasion.

In ordering the defendant detained, the district court considered the factors enumerated in § 3142(g), and determined that the defendant's release would pose both a danger to the community and a risk of flight. We conclude upon review that the district court's decision was not in error. The presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, "courts would be giving too little deference to Congress' findings regarding this class." *United States v. Martir*, 782 F.2d 1141, 1144 (2d Cir.1986). *See United States v. Jessup*, 757 F.2d 378, 382–84 (1st Cir. 1985). The court may continue to give the presumption some weight by keeping in mind that Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Hare*, 873 F.2d 796, 798–99 (5th Cir.1989). "The judge or magistrate thus should consider those legislative findings among the other factors to be weighed in deciding whether a defendant should be detained." *Martir*, 782 F.2d at 1144.

The district court's pretrial detention order is AFFIRMED.