**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michel F. ABBOUD, Defendant–
Appellant.**

No. 02–3727.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

The defendant appeals an order of pretrial detention. Briefs have been filed by both parties. This panel is in unanimous agreement that the decisional process would not be significantly aided by oral argument. Fed. R.App. P. 34(a)(2)(C); Sixth Circuit Local Rule 34(j)(2)(C).

The defendant was arrested on a complaint charging bank fraud and was ordered detained at his initial hearing before the magistrate. The district judge affirmed that decision without an additional hearing. On the same day as the district court's decision, the government obtained an indictment charging 21 counts of bank fraud, one count of conspiracy to commit bank fraud, 43 counts of money laundering, one count of conspiracy to commit money laundering, and two counts of felon in possession of a firearm.

Born in Lebanon, the defendant is a naturalized citizen of the United States with many family members in northwestern Ohio. He and his brother operate convenience stores with check cashing services. The defendant is charged with check kiting among several accounts in two banks that resulted in a $1.2 million overdraft at one bank. A search of the defendant's home and business revealed guns, one of which was loaded, and $17,000 in cash. Before his arrest, the defendant placed a rush order for passports to attend a wedding in Lebanon. The district court noted that there is no extradition treaty with Lebanon. Further, in June 2000, the defendant was convicted in an Ohio court of kidnaping and aggravated robbery with a firearm specification. He was sentenced to a six-year term of imprisonment. The conviction is on appeal, and at the time of the detention hearing in the federal

charges, the defendant was released on bail on the state charges.

As noted by the district court, under 18 U.S.C. § 3142(f)(1)(D), the government may seek detention in a case involving

> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph [including a crime of violence], or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses . . . .

If, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance and the safety of the community, the judicial officer shall order the detention of the defendant before trial. 18 U.S.C. § 3142(e). The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: the nature and circumstances of the offense charged; the weight of the evidence against the person; and the nature and seriousness of the danger posed by the defendant's release. A finding of fact in support of pretrial detention shall not be disturbed on appeal unless clearly erroneous. *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985).

Having considered the briefs and appendix filed here, we conclude that the district court's decision must be affirmed. The evidence supports the conclusions of danger of further illegal activity and risk of flight. The defendant faces further investigation, state and federal sentences, and burdensome financial conditions. The motive for flight is strong, and the evidence suggests that travel was contemplated.

Therefore, the district court's order detaining the defendant hereby is AFFIRMED.