**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Eduardo Ezequiel CALIXTO–BRAVO,**
**Defendant–Appellee.**

**No. 04–1560.**

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 2004.

Before MOORE and COLE, Circuit Judges; and MARBLEY, District Judge.*

## ORDER

The government appeals a district court order releasing the defendant, Eduardo Ezequiel Calixto–Bravo on a $10,000 unsecured bond pending trial on a charge of illegally reentering the United States. We unanimously agree that the facts and legal arguments are adequately presented and that the decisional process would not be significantly aided by oral argument. Fed. R.App. P. 34(a).

According to the provisions of 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if. after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. Section 3142(g) of the Act sets out the factors to be considered in making that determination. Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. A district court's factual findings in support of pretrial detention shall not be disturbed on appeal unless clearly erroneous. Mixed

questions of law and fact and the legal conclusions of the district court are reviewed de novo. *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir.1985). In support of its appeal, the government argues that the district court "refused to apply the normal release and detention rules and only considered the fact that defendant would be detained and eventually deported by ICE [the Bureau of Immigration and Customs Enforcement]." Upon consideration, we are persuaded that the district court's legal determination that the defendant should not be detained pursuant to 18 U.S.C. § 3142(e) was in error.

The district court's April 26, 2004, order is REVERSED and the case remanded for entry of an order detaining the defendant.